IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| FERRING PHARMACEUTICALS INC., FERRING INTERNATIONAL CENTER S.A., FERRING B.V. and POLYPEPTIDE LABORATORIES A/S, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 22-1474 (MN) |
| v. | ) ) | |
| JIANGSU HANSOH PHARMACEUTICAL GROUP CO. LTD., | ) ) ) | |
| Defendant. | ) | |

**MEMORANDUM**

The parties have filed two motions: Plaintiffs' Motion for a Continuance of Trial (D.I. 120) and Defendant's Motion to Preclude (D.I. 99), which seeks to preclude Plaintiffs from offering a "new theory" of infringement at trial. On July 3, 2024, I issued and Oral Order granting Plaintiffs' motion and denying Defendant's. (D.I. 126). This Memorandum provides the bases for that Oral Order.

**I.    MOTION FOR A CONTINUANCE OF TRIAL**

Rule 16(b)(4) permits modification of a scheduling order "for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Good cause exists when the [s]chedule cannot reasonably be met despite the diligence of the party seeking the extension." *TOT Power Control, S.L. v. Apple Inc.*, No. 21-cv-1302-MN, 2024 WL 1759152, at *1 (D. Del. April 23, 2024) (cleaned up). "Good cause under Rule 16(b) focuses on the diligence of the party seeking modification of the scheduling order." *Apex Clearing Corp. v. Axos Financial Inc.*, No. 19-cv-2066-MN, 2022 WL 3153857, at *1 (D. Del. Aug. 8, 2022) (quoting *Chancellor v. Pottsgrove School Dist.*, 501 F.Supp.3d 695, 701 (E.D. Pa. 2007)). Moreover, courts have the inherent power to manage

their own dockets "to facilitate the just, speedy, and inexpensive disposition of all matters before them." *Mortgage Grader, Inc. v. First Choice Loan Svcs. Inc.*, 811 F.3d 1314, 1321 (Fed. Cir. 2016); *see also UCB, Inc. v. Watson Labs., Inc.*, No. 14-cv-1083-LPS-SRF, 2017 WL 2646110 (D. Del. May 19, 2017).

Here, Plaintiffs assert that Defendant infringes six patents. (D.I. 1). The parties, however, agreed to bifurcate the case, proceeding on only one of those patents and staying the proceedings on the remaining patents pending the appeal of a related case to the Federal Circuit addressing those remaining patents. (D.I. 21). On May 31, 2024, the Federal Circuit dismissed the appeal of the related case because the parties to that case settled their disputes. (D.I. 115 at 2). As a result, the stay of proceedings on the remaining patents in this case lifted, leaving open the possibility of two trials in this case, one in July of this year and another on the remaining patents at some future date. Plaintiffs acted diligently to alert me to the changed circumstances and possible inefficiencies that may result from multiple trials. And I agree that a continuance of the July 2024 trial will allow the Court to adjudication of all patents in a single trial and conserve resources of the Court and the parties. Thus, a continuance is appropriate.

II. **MOTION TO PRECLUDE**

Defendant moves (D.I. 99) to preclude Plaintiffs from offering a "new theory" of infringement that it contends "was first presented by Plaintiffs in paragraphs 125-130 in a reply expert report from their expert, Dr. Dawson." (D.I. 100 at 1). It appears that some disclosure of the purportedly "new theory" was made in infringement contentions and Dr. Dawson's opening expert report. Thus, I will not preclude the theory based on belated disclosure. There appears, however, to be some dispute over the meaning of a stipulated claim construction. It is unclear based on the submissions, however, whether clarification of the scope of the claim construction is required or whether the dispute is a factual one related to infringement. Given that I am granting

the continuance of trial, to the extent there is a dispute about claim scope, I will allow the parties to raise this issue in connection with any claim construction proceedings that occur in connection with the remaining patents or at trial should there not be any such proceedings.

    IT IS SO STATED this 9th day of July 2024.

*/s/ Maryellen Noreika*
The Honorable Maryellen Noreika
United States District Judge